IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS E. PEREZ, Secretary of Labor,   )
United States Department of Labor,   )
     )
     Plaintiff,   )     No. CIV 15-391
     )
     v.   )
     )
BRANCH 504, NATIONAL   )
ASSOCIATION OF LETTER CARRIERS,   )
     )
     Defendant.   )

## COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, 29 U.S.C. §§ 481-483 ("the Act")), as applied to the Defendant by the Postal Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the November 19, 2014, election of union officers conducted by Branch 504, National Association of Letter Carriers (Defendant), for the offices of president, vice president, recording secretary, treasurer, sergeant at arms, and trustee (five positions) is void, and directing Defendant to conduct a new election for the offices of president, vice president, recording secretary, treasurer, sergeant at arms, and trustee (five positions) under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.  Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

PARTIES

4.  Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.  Defendant is, and at all times relevant to this action has been, a nonprofit corporation residing within the County of Bernalillo, within the jurisdiction of this district.

FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(b)).

7.  Defendant, purporting to act pursuant to its Bylaws, the National Association of Letter Carriers (NALC) Constitution, and the NALC Regulations Governing Branch Election Procedures (RGBEP), conducted an election of officers on November 19, 2014, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8.  By letter dated and sent by certified mail on November 24, 2014, and received on November 25, 2014, to the Defendant's Election Committee, the complainant, Angel Martinez, a member in good standing of Defendant, protested the election.

9.  By letter sent by certified mail on December 27, 2014, and received on December 29, 2014, the Defendant's Election Committee denied the protest.

10.  Martinez appealed the decision of the Defendant's Election Committee to the Defendant's Executive Board by letter dated December 29, 2014.

11.  By letter dated January 27, 2015, sent by certified mail on January 29, 2015, and received on February 6, 2015, the Defendant's Executive board denied the appeal.

12.  Martinez appealed the Defendant's Executive Board's decision to the Defendant's Recording Secretary for consideration by the membership, by letter dated and sent by certified mail on February 7, 2015, and received on February 9, 2015.

13.  Martinez sent an appeal to the Defendant's Recording Secretary for consideration by the NALC National Committee on Appeals by letter dated March 5, 2015, and mailed on March 6, 2015.

14.  Having invoked the remedies available for three calendar months without receiving a final decision after invocation, Martinez filed a timely complaint, which was received by the Secretary of Labor on March 9, 2015, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

15.  Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's November 19, 2014, election, and (2) such violations had not been remedied at the time of the institution of this action.

<u>CAUSE OF ACTION</u>

16.  Defendant violated section 401(c) of the Act, 29 U.S.C § 481(c), during the conduct of aforesaid election, by failing to provide equal treatment to all candidates as to the distribution of campaign literature to the membership and the expense of that distribution when it published

three candidates' campaign literature in its newsletter without charge but failed to extend the privilege to any other candidate.

17.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, by failing to provide notice of the election in that the notices that were published in the Defendant's newsletter, El Sol, and the NALC newsletter, Postal Record, and mailed to the members failed to specify the location of the election and the hours polls would be open, and neither notice was placed conspicuously in the publication.

18.  Defendant violated section 401(e) of the Act, 29 U.S.C. 481(e), during the conduct of aforesaid election, by denying complainant Martinez, a member in good standing who was eligible for office under the Defendant's Bylaws, the NALC Constitution, and the NALC RGBEP, the right to be a candidate and run for office based on criminal charges and other alleged actions that Defendant believed jeopardized its liquor license for the bar it operates.

19.  The violations of section 401(c) and (e) of the Act, 29 U.S.C. §§ 481(c), (e), may have affected the outcome of the Defendant's election for the offices of president, vice president, recording secretary, treasurer, sergeant at arms, and trustee (five positions).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of president, vice president, recording secretary, treasurer, sergeant at arms, and trustee (five positions) to be void;

(b)  directing the Defendant to conduct a new election for the election for the offices of president, vice president, recording secretary, treasurer, sergeant at arms, and trustee (five positions) under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed electronically 5/7/15*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
Phone: (505) 346-7274
manny.lucero@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

ANNA LAURA BENNETT
Attorney

U.S. Department of Labor